# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ASSOCIATED RENTERS, L.L.C.                          CIVIL ACTION

VERSUS                                                               NO. 15-299-JWD-RLB

CREEKSTONE/JUBAN I, L.L.C.

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on July 29, 2015.

                                                                         RICHARD L. BOURGEOIS, JR.
                                                                         UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ASSOCIATED RENTERS, L.L.C.                                 CIVIL ACTION

VERSUS                                                                                    NO. 15-299-JWD-RLB

CREEKSTONE/JUBAN I, L.L.C.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 9). Defendant has filed an opposition. (R. Doc. 8).[1] Plaintiff has filed a Reply. (R. Doc. 16).

## I. Background

On April 23, 2015, Associated Renters, L.L.C. ("AR" or "Plaintiff") brought this action in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, seeking payment on a promissory note initially issued to Associated Concrete Contractors, Inc. ("ACC") by Creekstone/Juban I, L.L.C. ("Defendant"). (R. Doc.1-1 at 1). The promissory note was executed following the settlement of a prior civil action filed by Creekstone/Juban against ACC. (R. Doc. 8 at 1-2). Following its execution, ACC assigned the promissory note to AR. (R. Doc. 8 at 2). AR's sole member, and ACC's sole owner, is the same individual—William Kapavik. (R. Docs. 9 at 2, 8 at 3).

On May 13, 2015, Defendant removed the action pursuant to 28 U.S.C. § 1332(a)(1). According to Defendant, "Plaintiff is a limited liability company chartered by the State of Texas . . . having its principal place of business in the State of Texas," and "Defendant is a limited liability company chartered by the state of Delaware . . . having its principal place in the State of

---

[1] This Opposition was actually filed in response to a combined Motion to Remand and Motion for Summary Judgment (R. Doc. 6) filed by Plaintiff prior to the instant Motion to Remand. The instant Motion to Remand (R. Doc. 9) advances the same arguments for remand set forth in the prior motion. Defendant has not filed an additional opposition to the instant motion but the court considers its arguments against remand as if re-urged following the filing of R. Doc. 9.

Delaware." (R. Doc. 1). Defendant's Notice of Removal does not allege the members of either of the named limited liability companies or the citizenship of any of those members. On June 1, 2015, Plaintiff moved to remand the action alleging that this court lacks subject matter jurisdiction over the matter. (R. Doc. 9 at 1).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that the parties lack complete diversity, noting that the citizenship of a limited liability company is determined by the citizenship of its members. (R. Doc. 9 at 1). Plaintiff states that AR is a limited liability company whose sole member, Mr. Kapavik, is a Texas citizen. In addition, Plaintiff states that it believes Defendant is a limited liability company comprised of multiple members, one of which is also a Texas citizen. (R. Doc. 6 at 2-4, R. Doc. 9 at 2-4).

Defendant concedes that the citizenship of a limited liability company is determined by the citizenship of its members and that the named parties lack complete diversity. (R. Doc. 8 at 3). Defendant also "admits to the citizenship of the parties as set forth in the Motion to Remand." (R. Doc. 8 at 3). However, Defendant argues that remand is improper, claiming that ACC's assignment of the promissory note to AR was collusive, done to defeat jurisdiction, and therefore AR's citizenship should be disregarded for determining the citizenship of the parties. (R. Doc. 8 at 3-4). Defendant claims that the court should look to the citizenship of ACC, which is incorporated in Nevada. Defendant does not, however, allege the principal place of business of ACC, which would also need to be considered if the court were to adopt Defendant's argument. Defendant also argues that ACC did not dispute diversity between itself and Defendant in the prior civil action that led to the underlying settlement between them.

2

In response to Defendant's Opposition, Plaintiff alleges that the assignment of the promissory note would have no effect on the citizenship analysis, as ACC and AR are both citizens of Texas. (R. Doc. 16 at 1-2). According to Plaintiff, because Defendant is also a citizen of Texas, "the assignment by [ACC] to [AR] had no impact on the jurisdiction of this court." (R. Doc. 16 at 7). In addition, Plaintiff asserts that "the concept of collusive transfer . . . does not apply to the transfer of an entire cause of action" as is the case here. Plaintiff further notes that even if the transfer of the note was deemed collusive, the court cannot examine the parties' motives regarding the transfer when determining whether diversity of citizenship exists. (R. Doc. 16 at 2).

## III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity

jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

The parties do not dispute that the amount in controversy requirement is satisfied. The only issue, therefore, is whether there is complete diversity.

      **A.**      **Whether there is complete diversity between the named parties**

The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant does not properly state the citizenship of the parties in the Notice of Removal and concedes that Plaintiff's characterization of the parties' citizenship is correct as detailed in the Motion to Remand. (R. Docs. 1, 9). In support of its Motion to Remand, Plaintiff asserts that its sole member is a citizen of Texas and one of Defendant's members is also a citizen of Texas. In particular, Plaintiff's asserts that "at one point in time, the sole member of Creekstone/Juban I LLC was Creekstone/Juban Holdings, LLC," and that the members of Creekstone/Juban Holdings, LLC were Creekstone/Juban L.L.C. and Juban Development Company. (R. Doc. 9 at 3 ¶ 11-12). Plaintiff further asserts that while "[t]he members of Creekstone/Juban LLC are unknown to plaintiff, . . . it is believed they are, or were at one point in time, [two Louisiana citizens] and Everett P. Jackson, an individual, who is a citizen of the State of Texas, being domiciled in the City of Houston, State of Texas." (R. Doc. 9 at 3 ¶ 15). Defendant does not dispute Plaintiff's assertions regarding the citizenship of its members, and its own ultimate citizenship.

Based on the foregoing, there is no dispute that complete diversity does not exist between the named parties. Accordingly, if only the citizenship of the named parties is considered, this court cannot exercise diversity jurisdiction.

## B. Whether there is complete diversity if ACC is considered a party

Although not alleged in the Notice of Removal, Defendant claims that the assignment of the promissory note from ACC to Plaintiff was made in part to defeat diversity jurisdiction. Defendant suggests that the court should ignore the citizenship of AR, the named Plaintiff, and consider only the citizenship of ACC, the non-party entity that assigned the promissory note at issue to AR.

In support of this argument, Defendant relies solely on the Fifth Circuit decision *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990), which addressed "the issue of whether a federal district court, in denying a plaintiff's motion to remand, may disregard a partial assignment made for the purpose of destroying diversity jurisdiction." *Id*. at 182. In *Grassi*, the certain individual plaintiffs (the "Grassis") obtained a default judgment in Texas state court against a subsidiary, a British corporation, but were unable to enforce the judgment under the laws of the United Kingdom. The Grassis then assigned a 2% interest in their claim to I.R.I. Internacional Limitada ("IRI"), a Costa Rican corporation incorporated eighteen months after they obtained their default judgment and less than six months prior to bringing their collection action, allegedly for the purpose of conducting investigative and collection work. The Grassis and IRI then subsequently filed a collection suit in state court against the defendant, a Swiss corporation and parent company of the British corporation. After the defendant removed the action, the Grassis and IRI sought remand on the basis that there cannot be complete diversity whether there is a foreign party as both plaintiff and defendant. The district court denied the motion.

On appeal, the Fifth Circuit affirmed, noting several factors relied upon by the district court:

> The interest assigned to IRI was comparatively small; before the assignment, IRI had no interest in the litigation; both the Grassis and IRI were represented by the same attorney, with the Grassis controlling the litigation; the assignment occurred shortly before the suit was filed; the assignment to IRI represented what is essentially a contingent fee arrangement for collection work, which could have been effectuated without an assignment; and there was a strong likelihood of prejudice against the defendant.

*Id.* at 186. The Fifth Circuit found that these factors were supported by the record and were "sufficient to support a finding that the overriding motive behind the present assignment was the desire of the [plaintiffs] to remain in state court." *Id.*

This action is distinguishable from the *Grassi* decision. Foremost, ACC is not a plaintiff in this action and the only named plaintiff is AR. Plaintiff has also been assigned 100% interest in the promissory note, not a partial amount such as 2%. The court also notes that Plaintiff's sole member is also the sole member of ACC. (R. Doc. 8 at 2). There is also no indication that AR was created for the sole purpose of destroying diversity and the assignment of the promissory note in the instant matter also bears no resemblance to the arrangement in *Grassi*, which the court characterized as a contingency fee arrangement. Lastly, Defendant has not suggested how it would be prejudiced by remand.

The court also finds persuasive the arguments set forth in Plaintiff's Reply. (R. Doc. 16). Even if Defendant's theory was valid, and the court ignored the citizenship of AR and considered only the citizenship of ACC, then Defendant still would not meet its burden of proving diversity. The citizenship of a corporation for diversity purposes is determined by the place of incorporation and principal place of business. *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). ACC is a corporation. Defendant asserts that it is incorporated in Nevada, but fails to state its principal place of business. (R. Doc. 8 at 3-4).

Plaintiff has asserted that ACC's principal place of business is in Texas and has directed the court to a significant amount of documentation supporting that conclusion. (R. Doc. 16).

6

Moreover, in the earlier action between Defendant and ACC, <u>Defendant</u> alleged that ACC's principal place of business is in Texas.[2] While Defendant is not estopped from asserting in a later action that ACC's principal place of business is somewhere other than Texas (or has changed since that earlier proceeding),[3] it has not even attempted to do so. Regardless, as the party asserting this court's jurisdiction, it is Defendant's burden to show that there is diversity of citizenship, not Plaintiff's burden to show that there is not.

Based on the foregoing, even if the court were to consider the citizenship of ACC, a non-party to this action, and ignore the citizenship of AR, the named Plaintiff, Defendant would still have failed to meet its burden of proving that there is complete diversity.

## IV.   Conclusion

Defendant has not met its burden of providing that there is complete diversity, and that the Court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.

### RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand should be **GRANTED**, and the action be **REMANDED** to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 29, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Creekstone/Juban I LLC v. Associated Concrete Contractors, Inc., 3:13-cv-00081-BAJ, R. Doc. 1 (Complaint alleging that "Defendant, Associated Concrete Contractors, Inc. . . . is a Nevada corporation whose principal place of business is in the state of Texas").
[3] *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 695, 702 (1982) (stating that "[the] principles of estoppel do not apply" to questions of subject matter jurisdiction).